Case 2:22-cv-01503-LPL   Document 16   Filed 02/03/23   Page 1 of 5
DocuSign Envelope ID: C696C509-ACB6-4074-9093-11453F04D1FE
Case 2:22-cv-01503-LPL   Document 14-1   Filed 01/20/23   Page 2 of 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GABRIEL McMORLAND,

        Plaintiff,        Civil Action No. 2:22-cv-1503

v.

BIOMIC SCIENCES, LLC,

        Defendant.

## CONSENT DECREE

1. This Consent Decree is entered between Gabriel McMorland ("Plaintiff"), and Biomic Sciences, LLC ("Biomic" or "Defendant"). Plaintiff and Defendant will be referred to as "Party" in the singular and collectively as the "Parties" in the plural. The Effective Date of this Consent Decree will be the date this Consent Decree is fully executed and entered by this Court.

## RECITALS

1. WHEREAS, Plaintiff filed a Complaint styled as *Gabriel McMorland v. Biomic Sciences, LLC*, Civil Action No. 2:22-cv-1503 in the United States District Court for the Western District of Pennsylvania ("the Complaint"). In the Complaint, McMorland asserts that he is an individual with a disability and that he encountered at least one violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq. ("**ADA**") when attempting to access the website www.intelligenceofnature.com ("**Claims**"). The digital properties that are the subject of this agreement include the website www.intelligenceofnature.com as well as subsidiary pages and subdomains owned by Biomic or any of its subsidiaries, parents, or affiliates, and in addition thereto mobile applications and other means of interacting with content of, or associated with, Biomic, or any of its subsidiaries, parents, or affiliates (collectively "**Website**").

2. WHEREAS, Biomic disputes the claims and allegations set forth in and/or related to the Claims and it has denied and continues to deny that it has any liability to McMorland or any third party for any such Claims asserted as of the Effective Date or otherwise.

3. WHEREAS after considering the substantial time, expense and uncertainty associated with litigation of the claims, disputes and causes of action alleged or which could have been alleged in the Complaint (collectively, the "Lawsuit"), the Parties desire to compromise, settle, release and discharge, with prejudice, all of the same.

4860-5961-0436.1

DocuSign Envelope ID: C696C509-ACB6-4074-9093-11453F04D1FE
Case 2:22-cv-01503-LPL   Document 16   Filed 02/03/23   Page 2 of 5
Case 2:22-cv-01503-LPL   Document 14-1   Filed 01/20/23   Page 3 of 6

4.     NOW, THEREFORE, in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to the following terms and conditions as full and complete settlement of the Lawsuit.

## JURISDICTION

5.     Plaintiff claims that the website owned, operated, and/or managed by Defendant is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

6.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, and 42 U.S.C. § 12188. The Parties agree venue is appropriate.

## AGREED RESOLUTION

7.     The Parties agree that it is in their best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

8.     Defendant denies Plaintiff's allegations in this lawsuit, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

In resolution of this action, the Parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

## TERM

9.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for twenty-four (24) months from the Effective Date.\

## REMEDIATION

10.     Defendant is hereby granted no more than twenty-four (24) months after the Effective Date of this Agreement (the "Modification Period"), to undertake, as necessary and to the extent it has not already done so, commercially reasonable steps to continue to modify the Website's publicly available content as needed to achieve substantial conformance with WCAG 2.0 and/or 2.1, Level A Success Criteria. The Parties acknowledge that Biomic's obligations under this Agreement do not include substantial conformance with WCAG 2.0 and/or 2.1, Level A Success Criteria, for content and/or websites not owned, operated, or controlled by Biomic, but that are linked from the Website or its mobile applications.

Case 2:22-cv-01503-LPL   Document 16   Filed 02/03/23   Page 3 of 5
DocuSign Envelope ID: C696C509-ACB6-4074-9093-11453F04D1FE
Case 2:22-cv-01503-LPL   Document 14-1   Filed 01/20/23   Page 4 of 6

## RELEASE

11.     In return for the valuable consideration and promises set forth in this Consent Decree, Plaintiff, on his own behalf and on behalf of all related persons, partnerships, or other entities and their heirs, executors, trustees, administrators, predecessors, successors, assigns, transferees and agents, jointly and severally ("Releasors"), knowingly, voluntarily, and intentionally agrees to, and does, settle, release, waive, and forever discharge Biomic, each and all of its past, present, and future parents, partnerships, joint ventures, corporations, subsidiaries, affiliated and related entities, members, agents, vendors, contractors, dealers, agents and other representatives, and all of its respective predecessors, successors, parents, subsidiaries, affiliates, assigns, transferees, agents, directors, officers, members of governing boards, employees, shareholders, insurers, reinsurers, attorneys and assigns along with any entity or person related to them (hereinafter collectively the "Released Parties"), of, from and against all actions, causes of action, claims, suits, debts, damages, judgments, attorneys' fees, costs, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or in equity, whether now known or unknown that the Releasors now have or may have had, or hereafter claim to have, on behalf of themselves or any other person or entity, against Released Parties that existed at any time before and including the Effective Date relating to Biomic (the "Released Claims"). This settlement, release, waiver, and discharge of claims includes, but is not limited to, claims asserted in the Lawsuit, as well all of those arising or which may be arising under ADA Title III and its regulations, the Rehabilitation Act, and and/or all other federal, state and local laws, codes, ordinances or regulations that provide protections from discrimination on the basis of disability, in law or in equity, whether now known or unknown. This settlement, release, waiver, and discharge of claims also includes, but is not limited to, all known and unknown claims with respect to any operations or the condition of any portion of the website wholly or partially owned, operated or managed by Biomic as of the Effective Date and is not limited to the scope of the modifications listed below.

## MONITORING

12.     During the term of this Agreement, Counsel for Plaintiff shall have the right to perform, at his own cost, his own commercially reasonable accessibility audit of the Website, including user testing by individuals with disabilities. Plaintiff shall detail, any way(s) in which he contends the Website does not substantially conform with WCAG 2.0 and/or 2.1, Level A Success Criteria (the "Notice"). If Plaintiff does not raise any issues in writing within the term of this Agreement, Plaintiff will be deemed to have waived his right to challenge the accessibility of the Website pursuant to this Agreement. If Plaintiff raises any purported failure(s) to substantially comply with WCAG 2.0 and/or 2.1, Level A Success Criteria, in writing within the term of the Agreement, Biomic will have no less than one hundred eighty days (180) days from receipt of the Notice to: (1) meet and confer with Plaintiff's counsel in good faith to determine a commercially reasonable resolution of the alleged issue(s) identified in the Notice and (2) complete any modifications agreed upon by the Parties during the meet and confer, or agree with Plaintiff's counsel upon a reasonable time table for completion of the work (this time period for completion is defined as the "Cure Period"). Plaintiff understands and acknowledges that he shall not be entitled to, and hereby agrees not to seek to, recover from Biomic any portion of his testing costs, attorneys' or experts' fees or costs, or any other fees or costs related to the activities described in

Case 2:22-cv-01503-LPL   Document 16   Filed 02/03/23   Page 4 of 5
DocuSign Envelope ID: C696C509-ACB6-4074-9093-11453F04D1FE
Case 2:22-cv-01503-LPL   Document 14-1   Filed 01/20/23   Page 5 of 6

this Paragraph, and that he cannot and will not seek relief from the Court or any other tribunal during the Cure Period.

13.     All notices required under this Consent Decree shall be served on the Parties via recognized overnight courier service and electronic mail as follows:

If to Plaintiff:

Gabriel McMorland
c/o R. Bruce Carlson
Carlson Brown
222 Broad Street, P.O. Box 242
Sewickley, PA 15143
BCarlson@carlsonbrownlaw.com

If to Defendant:

Biomic Sciences, LLC
c/o Sunshine R. Fellows
Lewis, Brisbois, Bisgaard & Smith LLP
One PPG Place 28th Floor
Pittsburgh, PA 15222
Sunshine.R.Fellows@lewisbrisbois.com

## MODIFICATION

14.     No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

15.     The Parties agree that this Consent Decree and its construction are governed by ADA Title III and Pennsylvania law (the latter, only for matters which are not covered by ADA Title III). Any claims for enforcement of this Consent Decree shall be filed in the United States District Court for the Western District of Pennsylvania, to the extent that subject matter jurisdiction exists.

16.     Plaintiff and Defendant have settled all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters sought in Plaintiff's Complaint through a separate Confidential Side Letter.

17.     If any provision of this Consent Decree is determined to be invalid, unenforceable or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not in any event affect any other provisions all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

Case 2:22-cv-01503-LPL   Document 16   Filed 02/03/23   Page 5 of 5
DocuSign Envelope ID: C696C509-ACB6-4074-9093-11453F04D1FE
Case 2:22-cv-01503-LPL   Document 14-1   Filed 01/20/23   Page 6 of 6

18.  The signatories represent that they have the authority to bind the respective Parties, Gabriel McMorland and Biomic Sciences, LLC, to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

19.  The Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

*Gabriel McMorland* (DocuSigned)  
Gabriel McMorland

1/6/2023  
Date

BIOMIC SCIENCES, LLC  
By: *Kirk T. Schroder*  
Its: General Counsel  
Kirk T. Schroder

1/7/23  
Date

**DONE AND ORDERED** this 3rd day of Feb, 2023.

_____  
Honorable Lisa Pupo Lenihan

4860-5961-0436.1

5